IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY A. SMILEY,           )
                             )
            Plaintiff,       )
                             )
v.                           )        Civil Action No. 3:21cv500–HEH
                             )
FORCEPOINT FEDERAL LLC,      )
                             )
                             )
            Defendant.       )

**MEMORANDUM OPINION**
**(Denying Application to Vacate Arbitration Award and Granting
Motion to Confirm Arbitration Award)**

The Court first addresses the procedural mess the parties have manufactured in this case. Jeffrey Smiley ("Plaintiff") filed an Amended Complaint on September 15, 2021.[1] (ECF No. 4.) In the Amended Complaint, Plaintiff attempts to "appeal" the arbitration award (the "Award") issued by Arbitrator Anne G. Bibeau (the "Arbitrator"). (*Id.*) As grounds for this "appeal," Plaintiff cites a portion of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 16.[2] This statute, however, does *not* give Plaintiff the authority to "appeal" an arbitration award in a federal district court. Instead, 9 U.S.C. § 16 "outlines when an appeal may be taken *from* a district court ruling involving arbitration"

---

[1] Plaintiff earlier filed a Complaint on July 30, 2021. (ECF No. 1.) His Amended Complaint was properly filed within "21 days after serving it" pursuant to Federal Rule of Civil Procedure 15(a)(1)(A).

[2] On Occasion, Plaintiff also cites 8 U.S.C. § 16, but this almost certainly is a typographical error. Title 8 pertains to issues of foreign nationality and citizenship, not to considering arbitration awards in federal court.

*to* a federal court of appeals. *Humphrey v. Prudential Securities, LLC*, 4 F.3d 313, 315 (4th Cir. 1993) (emphasis added); *Levin v. Alms and Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011). For this reason alone, the Court could dismiss Plaintiff's "appeal" for lack of jurisdiction.

Out of fairness, however, and because Plaintiff cites another statute justifying his Amended Complaint in later briefing, the Court's analysis will continue. The second statute Plaintiff cites, 9 U.S.C. § 10, allows "the United States court in and for the district wherein the award was made [to] make an order vacating the award of any party to the arbitration." Normally, that statute requires that a party file an application with the Court. Here, Plaintiff did not file an application. Instead Plaintiff's Amended Complaint asked for the exact type of relief contemplated by a 9 U.S.C. § 10 application. Thus, the Court will construe Plaintiff's Amended Complaint as an Application to Vacate the Arbitration Award.

Unfortunately, the procedural morass does not stop there. In response to Plaintiff's Amended Complaint, Forcepoint Federal LLC ("Defendant") filed a "Motion to Dismiss Appeal of Arbitration Decision Pursuant to 9 U.S.C. § 16 and to Confirm Arbitration Award" on October 7, 2021. (ECF No. 9.) Because the Court construes Plaintiff's Amended Complaint as an Application to Vacate the Arbitration Award, Defendant's Motion to Dismiss is moot. Nonetheless, in ruling on Plaintiff's Application, the Court will consider Defendant's arguments from its Motion to Dismiss. The second piece of Defendant's Motion, in which it asks the Court to Confirm the Arbitration Award can be brought pursuant to 9 U.S.C. § 9. Therefore, two issues

2

emerge for the Court to resolve on the merits. First, the Court will consider Plaintiff's Application to Vacate the Arbitration Award (the "Application"). Second, the Court will consider Defendant's Motion to Confirm the Arbitration Award (the "Motion").

9 U.S.C. § 10 outlines four scenarios where a district court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C § 10(a). These scenarios are the *only* grounds upon which a district court can vacate an arbitration award. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586–88 (2008) (noting that §§ 9–11 of the FAA expressly limits the reasons for confirming, vacating, or modifying an award).

Plaintiff lists eight reasons why the Award in this case should be vacated. (App. at 1, ECF No. 4.) His first two reasons are that the Arbitrator did not base her Award on fact or law. (*Id.*) Third, he argues that the Arbitrator did not act impartially. (*Id.*) Fourth, the Arbitrator made rulings on matters not presented to her. (*Id.* at 2.) Fifth, the Arbitrator did not object when Defendant's witness lied under oath. (*Id.*) Sixth, the Arbitrator cited "untruths" in her Award decision. (*Id.*) Seventh, the Arbitrator did not decide whether Plaintiff's employment contract was a contract of adhesion or forced

3

upon him. (*Id.*) Eighth and lastly, the Arbitrator failed to consider the facts and Plaintiff's filings in making her decision. (*Id.*)

The Court must consider these proffered reasons in the framework of 9 U.S.C. § 10(a). Plaintiff does not allege the Award was procured by corruption, fraud, or undue means. Nor does Plaintiff, beyond a thread-bare assertion, allege that the Arbitrator was partial to one party or corrupt. (*See* App. at 2.) Plaintiff's allegation that the Arbitrator failed to consider the facts and filings that Plaintiff submitted may fit under 9 U.S.C. §10(a)(3) (vacating an award is proper where the arbitrator refused "to hear evidence pertinent to the controversy"). But this allegation simply does not comport with the evidence before the Court. Plaintiff never cites to any information that the Arbitrator refused to consider. Plaintiff submitted a late filing to the Arbitrator after the hearing and Defendant objected to the Arbitrator considering it, but even there, the Arbitrator said she considered the late filings despite their untimeliness. (*Id.* at 18–19.) Plaintiff also does not present any evidence supporting his allegation that the Arbitrator made decisions on matters not presented to her. (*Id.* at 2.) Thus, Plaintiff's third, fourth, and eight reasons for rejecting the Award do not hold water.

The rest of Plaintiff's reasons effectively challenge the Arbitrator's factual findings and legal conclusions.[3] 9 U.S.C § 10 clearly does not give this Court the authority to review the Arbitrator's decision *de novo*. *Hall St.*, 552 U.S. at 588.

---

[3] As his fifth and sixth reasons, Plaintiff states that a witness lied under oath and the Arbitrator cited "untruths" in the Award decision. (App. at 2.) In reality, Plaintiff merely disagrees with the Arbitrator's interpretation of witness testimony and exhibits.

4

However, if the Arbitrator so misinterpreted the facts or misapplied the law as to "exceed [her] powers," the Award could be vacated. 9 U.S.C. § 10(a)(4); *see Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 570–73 (2013). More specifically, this Court may only vacate the Award if it "fails to draw its essence from the contract" or exhibits a "manifest disregard for the law." *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 857 (4th Cir. 2010) (quoting *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006)).[4] This is a "heavy burden" and will only be met in "very unusual circumstances." *Interactive Brokers*, 969 F.3d 438, 443 (4th Cir. 2020) (first quoting *Patten*, 441 F.3d at 235; then *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)); *Stolt-Nielsen*, 559 U.S. at 671 ("It is not enough for [Plaintiff] to show that the [Arbitrator] committed an error—or even a serious error . . . .") A more extensive review of an arbitrator's decision would effectively nullify the parties' agreement to arbitrate the dispute outside of the judicial process. *Id.*; *Hall St.*, 552 U.S. at 588. "When parties consent to arbitration, and thereby consent to extremely limited appellate review, they assume the risk that the arbitrator may interpret the law in a way with which they disagree." *Interactive Brokers LLC v. Saroop*, 969 F.3d 438, 443 (4th Cir. 2020) (quoting *Wachovia*, 671 F.3d at 478 n.5.)

---

[4] Defendant argues that these standards are based in common law separate and apart from the analysis under 9 U.S.C. § 10(a)(4). (Mot. at 8.) This, however, is an unresolved point of law. *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010) (reserving the issue whether the "manifest disregard" standard remains good law); *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 483 (refusing to rule whether the "manifest disregard" standard is a gloss on Section 10 or independent). Regardless of where exactly these standards fit, the Fourth Circuit is clear that they still apply. *Wachovia*, 671 F.3d at 483; *Interactive Brokers LLC v. Saroop*, 969 F.3d 438, 442 (4th Cir. 2020); *see Oxford Health Plans*, 569 U.S. at 569 (referencing the "essence" standard).

5

In this case, Plaintiff does not identify any part of the Award that "fails to draw its essence from the contract" or exhibits a "manifest disregard for the law." *MCI Constructors*, 610 F.3d at 857. Plaintiff claimed that Defendant discriminated against him in violation of Title VII, breached his contract, or alternatively owed him damages under the doctrine of quantum meruit. (Award at 2, ECF No. 4-3.) The Arbitrator issued a 9-page document detailing her factual findings and legal conclusions for denying all of Plaintiff's claims. (*Id.*) Plaintiff's Application attempts to relitigate these issues but does not point to any part of the Award that manifestly disregards the law or goes beyond the essence of the contractual relationship between Plaintiff and Defendant. (App. at 2–19.) This is not to say that this Court agrees or disagrees with the Arbitrator's decision, but only that the Court sees no evidence that the Arbitrator exceeded her powers. 9 U.S.C. § 10(a)(4). Finding that the Arbitrator's decision falls well within a reasonable interpretation of the law and facts, the Court need not conduct an extensive search for minor errors. The law only requires that no manifest errors of law or abuses of power are evident in the record. Therefore, there being no reason to vacate the Award, the Court will deny Plaintiff's Application.

Next, the Court considers Defendant's Motion to Confirm the Arbitration Award. Section 9 of the FAA allows a party to an arbitration, within one year of an award, to apply "to the United States court in and for the district within which such award was made" for "an order confirming the award."[5] 9 U.S.C. § 9. "[T]he Court must grant such

---

[5] If the parties specified a court to confirm the award, that court is proper. 9 U.S.C. § 9. In cases where no court is specified, a United States district court can confirm the award. *Id.* Here, the

6

an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title." The Award in question here was issued on June 30, 2021, in Norfolk, Virginia. (Award at 9; Def.'s Mem. Supp. at 18, ECF No. 10.) Thus, the Court can consider the Motion as it was made within the past year and within the Eastern District of Virginia. Moreover, as detailed above, the Award should not be vacated under Section 10 of the FAA, nor has either party moved to modify or correct it under Section 11 of the FAA. The Award, therefore, meets the requirements of 9 U.S.C. § 9 and the Court will grant Defendant's Motion to Confirm the Arbitration Award.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov 3, 2021
Richmond, Virginia

---

parties did not specify a court in the arbitration agreement. (ECF No. 10-1 at 14 (Full Arbitration Agreement at page 6–14).)